COURT OF APPEALS
DECISION
DATED AND FILED

October 11, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2021AP2115**

**STATE OF WISCONSIN**

Cir. Ct. No. 2020CV367

**IN COURT OF APPEALS DISTRICT III**

PETITIONER,

PETITIONER-RESPONDENT,

V.

RYAN MILBECK,

RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Marathon County: LAMONT K. JACOBSON, Judge. *Affirmed.*

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Ryan Milbeck, pro se, appeals from an order granting the Petitioner a domestic abuse injunction. Milbeck contends that the

circuit court erred by granting a four-year injunction after concluding that the Petitioner had not established grounds for a ten-year injunction. Milbeck also asserts that WIS. STAT. § 813.12(4m) (2019-20)[1]—which requires a respondent to surrender his or her firearms when a domestic abuse injunction is issued but provides an exemption for peace officers—is unconstitutional. We reject Milbeck's arguments and affirm.

## BACKGROUND

¶2      Milbeck and the Petitioner are married and share one minor child. They are currently in the process of a divorce. In July 2020, the Petitioner filed a petition for a temporary restraining order and domestic abuse injunction against Milbeck. The petition asked the circuit court to order a four-year domestic abuse injunction. In addition, the petition sought an injunction of "not more than 10 years" if the court found "a substantial risk the respondent may commit 1st or 2nd degree intentional homicide, or 1st, 2nd or 3rd degree sexual assault against the petitioner."

¶3      The circuit court entered a temporary restraining order and scheduled an injunction hearing before a court commissioner. Following that hearing, the court commissioner granted the Petitioner a ten-year domestic abuse injunction against Milbeck. The injunction prohibited Milbeck from possessing firearms until the injunction expired and required him to surrender any firearms that he owned or possessed to the Marathon County sheriff.

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶4 Milbeck sought de novo review of the court commissioner's decision. Following a de novo hearing, and after considering briefs submitted by the parties, the circuit court entered a domestic abuse injunction against Milbeck. During its oral ruling, the court explained that there were reasonable grounds to believe that Milbeck had engaged in domestic abuse of the Petitioner, as required for the issuance of a domestic abuse injunction. *See* WIS. STAT. § 813.12(4)(a)3. The court concluded, however, that the Petitioner had failed to establish a substantial risk that Milbeck would commit first- or second-degree intentional homicide or sexual assault against her, as required for the issuance of a ten-year injunction under § 813.12(4)(d)1. The court therefore ordered that the domestic abuse injunction would remain in place for four years, pursuant to § 813.12(4)(c)1. The injunction prohibited Milbeck from possessing firearms until the injunction expired. Milbeck now appeals.

## DISCUSSION

¶5 Milbeck first argues that after the circuit court concluded the Petitioner was not entitled to a ten-year domestic abuse injunction, the court lacked the authority to grant an injunction for a shorter time period and was instead required to dismiss the case with prejudice. In support of this argument, Milbeck relies on *Hayen v. Hayen*, 2000 WI App 29, 232 Wis. 2d 447, 606 N.W.2d 606 (1999).

¶6 In *Hayen*, we interpreted the 1997-98 version of WIS. STAT. § 813.12, which provided, in relevant part: "An injunction under this subsection is effective according to its terms, for the period of time that the petitioner requests, but not more than 2 years." *See* § 813.12(4)(c)1. (1997-98); *see also Hayen*, 232 Wis. 2d 447, ¶2 n.1, ¶¶7-8. Based on the statute's plain language, we concluded

3

that "once a circuit court determines that it will issue a domestic abuse injunction, the court is required to issue the injunction for the length of time the petitioner requests." *Hayen*, 232 Wis. 2d 447, ¶8 (footnote omitted). Because the petitioner in *Hayen* had requested a two-year injunction, we held that the circuit court erred by granting a six-month injunction, as "the circuit court was required under the statute to grant relief for two years or not at all." *Id.*

¶7 Analogizing this case to *Hayen*, Milbeck argues that because the Petitioner requested a ten-year domestic abuse injunction, the circuit court was required to grant either a ten-year injunction or no injunction at all. What Milbeck fails to recognize, however, is that WIS. STAT. § 813.12 has been amended since *Hayen* was decided. As noted above, the version of the statute that the *Hayen* court interpreted permitted a court to grant a domestic abuse injunction "for the period of time that the petitioner requests, but not more than 2 years." *See* WIS. STAT. § 813.12(4)(c)1. (1997-98). In contrast, the present version of § 813.12(4)(c)1. states that a domestic abuse injunction is effective "for the period of time that the petitioner requests, but not more than 4 years, *except as provided in par. (d).*" (Emphasis added.) Paragraph (d), in turn, states that upon issuing a domestic abuse injunction, a court "may … order that the injunction is in effect for not more than 10 years, if the court finds, by a preponderance of the evidence," that there is a substantial risk that the respondent may commit first- or second-degree intentional homicide or certain kinds of sexual assault against the petitioner. *See* § 813.12(4)(d)1.

¶8 Thus, the current version of WIS. STAT. § 813.12 requires a court to engage in a two-step process when ruling on a petition for a domestic abuse injunction. First, if the court finds reasonable grounds to believe that the respondent has engaged in, or may engage in, domestic abuse of the petitioner, *see*

§ 813.12(4)(a)3., then the court must grant a domestic abuse injunction for the time period requested by the petitioner, but not for more than four years, *see* § 813.12(4)(c)1. Second, if the petitioner has requested a ten-year injunction under § 813.12(4)(d)1., then the court must consider whether the petitioner has met his or her burden under that statute. If so, the court "may" order that the injunction "is in effect for not more than 10 years." Sec. 813.12(4)(d)1. Contrary to Milbeck's argument, nothing in § 813.12 requires a court to dismiss a petition for a domestic abuse injunction outright if the court finds that the petitioner did not meet his or her burden for a ten-year injunction under § 813.12(4)(d)1., even though the petitioner established grounds for a four-year injunction under § 813.12(4)(c)1.

¶9 In this case, the circuit court properly employed the two-step analysis required by WIS. STAT. § 813.12. The court first determined that the Petitioner was entitled to a domestic abuse injunction because there were reasonable grounds to believe that Milbeck had engaged in domestic abuse of the Petitioner. *See* § 813.12(4)(a)3. The Petitioner was therefore entitled to a four-year domestic abuse injunction under § 813.12(4)(c)1., as she had requested in her petition. The court then determined that the Petitioner was not entitled to a longer, ten-year injunction under § 813.12(4)(d)1. because she had failed to meet her heightened burden under that statute. Under these circumstances, the court appropriately granted the Petitioner a four-year domestic abuse injunction.

¶10 Milbeck also argues that WIS. STAT. § 813.12(4m) is unconstitutional. In general, subsec. (4m) provides that when a domestic abuse injunction is issued, the injunction shall "require in writing the respondent to surrender any firearms that he or she owns or has in his or her possession." Sec. 813.12(4m)(a)2. If the respondent is a peace officer, however, the injunction

"may not require the respondent to surrender a firearm that he or she is required, as a condition of employment, to possess whether or not he or she is on duty." Sec. 813.12(4m)(ag). Milbeck contends that by allowing peace officers, but not other individuals, to retain their firearms, § 813.12(4m) "blatantly denies all citizens equal protection[] of the law."

¶11     We decline to address Milbeck's constitutional argument because he failed to raise it in the circuit court. Arguments raised for the first time on appeal are generally deemed forfeited. *Tatera v. FMC Corp.*, 2010 WI 90, ¶19 n.16, 328 Wis. 2d 320, 786 N.W.2d 810. Accordingly, we need not address an argument that is raised for the first time on appeal. *ABKA Ltd. P'ship v. Board of Rev.*, 231 Wis. 2d 328, 349 n.9, 603 N.W.2d 217 (1999). In this case, by failing to raise his equal protection argument in the circuit court, Milbeck deprived the parties of the opportunity to develop a sufficient factual record for this court to meaningfully address Milbeck's constitutional claim.

¶12     Having considered and rejected the arguments raised in Milbeck's brief-in-chief, we briefly acknowledge two additional arguments raised in his reply brief. First, Milbeck's reply brief takes issue with a statement in the Petitioner's response brief that the circuit court "cited corroboration of the Petitioner's testimony by the Respondent." Milbeck contends that the evidence does not support a determination that his testimony corroborated the Petitioner's testimony. Whether Milbeck's testimony corroborated the Petitioner's testimony is not, however, material to our resolution of the issues raised in this appeal. To the extent Milbeck intends to argue in his reply brief that the evidence was insufficient to support the issuance of a domestic abuse injunction, we note that Milbeck did not raise a sufficiency-of-the-evidence argument in his brief-in-chief. We need not address arguments that are raised for the first time in a reply brief,

*see A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998), and we decline to do so here.

¶13 Second, Milbeck asserts in his reply brief that this court should sanction the Petitioner's attorney for violating WIS. STAT. RULE 809.19(1)(d) and various Supreme Court Rules. WISCONSIN STAT. RULE 809.83(2) permits us to impose sanctions based upon a person's failure to comply with a court order or with the Rules of Appellate Procedure. RULE 809.83(2) does not, however, allow us to impose sanctions based upon a person's violation of a Supreme Court Rule, and Milbeck cites no other legal authority that would permit us to do so.

¶14 As for Milbeck's assertion that the Petitioner's attorney violated WIS. STAT. RULE 809.19(1)(d) by including "irrelevant" and "false" facts in the Petitioner's statement of facts, this argument fails because it is largely undeveloped. *See Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 ("[W]e will not abandon our neutrality to develop arguments[.]"). Milbeck has not identified with specificity any "irrelevant" facts that he believes were improperly included in the Petitioner's statement of facts. And while Milbeck cites a single factual assertion in the Petitioner's brief that he claims is "inherently false," our review of the

record does not support that claim.[2]  In any event, Milbeck does not explain why a single false factual assertion in a party's brief would warrant the imposition of sanctions or the initiation of a "full investigation" into the party's attorney.  We therefore deny Milbeck's request for sanctions.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[2] Milbeck asserts that the following statement from the Petitioner's brief is inherently false:  "The Petitioner testified that the Respondent had started having sexual intercourse with her on multiple occasions in July of 2018."  Milbeck contends that this statement is false because the Petitioner conceded during her testimony that no intercourse occurred during July 2018.  Be that as it may, the Petitioner specifically testified regarding an incident in July 2018, shortly after the birth of the parties' child, when Milbeck repeatedly attempted to "initiate intercourse" with her and did not stop until she had asked him to stop "[t]wo or three times."  This testimony reasonably supports the statement in the Petitioner's brief that Milbeck "started" having sexual intercourse with her in July 2018—in other words, that Milbeck attempted to initiate sexual intercourse.  Given the Petitioner's testimony, we cannot agree with Milbeck that the relevant statement from the Petitioner's brief is inherently false.